IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IRA S. EINHORN,<br>    Petitioner,<br><br>v.<br><br>KENNETH CAMERON, *et al.*,<br>    Respondents. | CIVIL ACTION NO. 15-2139 |

## MEMORANDUM OPINION

Magistrate Judge Marilyn Heffley has issued a Report and Recommendation ("R&R"), recommending that the Court deny *pro se* Petitioner Ira Einhorn's habeas petition. No objections have been filed. After careful and independent review, the Court will approve and adopt the R&R and deny the petition.[1]

### I. BACKGROUND

In October 2002, after absconding to Europe and evading authorities for sixteen years, Petitioner Ira Einhorn was tried by a Philadelphia jury and convicted, for a second time, of first-degree murder. According to the Commonwealth, Einhorn beat his former girlfriend to death in 1977 and hid her body in a trunk in his closet for eighteen months.

Over twenty years earlier, in 1981, Einhorn fled the country after being released on bail prior to his first trial. In 1983, Einhorn was tried *in absentia*, found guilty, and sentenced to life imprisonment. When he was ultimately discovered by authorities in France four years later, the

---

[1] Where objections have not been made, district courts in the Third Circuit must "give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). On August 24, 2017, Petitioner requested an extension of time to file objections to the R&R. The Court granted this extension, and also granted two further extensions of time. On December 12, 2017, the Court notified Petitioner that he could file objections on or before January 12, 2018, but would not be provided with further extensions of time. However, Petitioner failed to file objections by January 12, 2018, and to date, no such objections have been filed.

United States sought his extradition but was unsuccessful because French law prohibits extradition of fugitives who were convicted *in absentia* unless they are afforded a new trial.[2] To secure his return, the Pennsylvania General Assembly amended the Post-Conviction Relief Act ("PCRA") to include the following provision:

> (c) Extradition.—If the petitioner's conviction and sentence resulted from a trial conducted in his absence, and if the petitioner has fled to a foreign country that refuses to extradite him because a new trial *in absentia* was employed, the petitioner shall be entitled to the grant of a new trial if the refusing country agrees by virtue of this provision to return him, and if the petitioner upon such return to this jurisdiction so requests. This subsection shall apply notwithstanding any other law or judgment to the contrary.[3]

Einhorn was subsequently extradited, and in 2001 he filed petitions requesting both a new trial under § 9543(c) and a stay of his prosecution based on the alleged unconstitutionality of § 9543(c). The Supreme Court of Pennsylvania denied his petition for a stay and granted his petition for a new trial. In 2003, after thirteen days of testimony, a Philadelphia jury convicted Einhorn of first-degree murder, and he was again sentenced to life in prison.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[4] governs habeas petitions like the one before this Court. Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[5] Where, as here, the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a

---

[2] By that time, France had also opposed and outlawed the imposition of the death penalty.

[3] 42 Pa. Cons. Stat. Ann. § 9543(c).

[4] 28 U.S.C. § 2254.

[5] 28 U.S.C. § 2254(a).

district court conducts a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[6]

When the claims presented in a federal habeas petition have been decided on the merits in state court, a district court may not grant relief unless the adjudication of the claim in state court: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[7]

A state court's decision is "contrary to" clearly established law if the state court applies a rule of law that differs from the governing rule set forth in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."[8] A decision is an "unreasonable application" of clearly established law if "the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."[9] The "unreasonable application" clause requires more than an incorrect or erroneous state court decision.[10] Instead, the application of clearly established law must be "objectively unreasonable."[11]

---

[6] 28 U.S.C. § 636(b)(1).

[7] 28 U.S.C. § 2254(d).

[8] *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (*quoting Williams v. Taylor*, 529 U.S. 405-06 (2000)).

[9] *Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

[10] *Id.*

[11] *Id.*

A petitioner faces a high hurdle in challenging the factual basis for a prior state-court decision rejecting a claim. The prisoner bears the burden of rebutting the state court's factual findings by clear and convincing evidence.[12] Moreover, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."[13]

### III. DISCUSSION

Einhorn raises eighteen grounds for federal habeas relief arising from his second trial, which can be grouped into four categories: the constitutionality of 42 Pa. Cons. Stat. Ann. § 9543(c), ineffective assistance of trial counsel, prosecutorial misconduct, and improper jury instructions.

### A. Constitutionality of 42 Pa. Cons. Stat. Ann. § 9543(c) (Claims 1-5)

Einhorn objects to the statute that led to his extradition, retrial, and second conviction because he claims it violates the due process and separation of powers clauses of the constitution. The R&R correctly noted that a separation of powers claim is not cognizable on federal habeas review, either under the United States Constitution or the Pennsylvania Constitution.[14] Einhorn provided no support for his due process claim, and given that the statute afforded Einhorn the right to a new trial—a right not typically provided to those who have been convicted—this claim lacks merit. Einhorn argues that the state courts did not address his constitutional challenges to the statute, but he is mistaken; the Superior Court engaged in a thorough discussion of the

---

[12] *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) (internal quotation marks and citation omitted).

[13] *Id.* (internal quotation marks and citation omitted).

[14] *See* R&R at 14; *see also Ralston v. Dep't of Parole & Prob.*, No. 12-1844, 2015 WL 1542480, at *3 n.1 (W.D. Pa. Apr. 7, 2015) ("The separation of powers doctrine contained in the United States Constitution applies solely to the federal government.") (citation omitted); *U.S. ex rel. Patosky v. Kozakiewicz*, 960 F. Supp. 905, 923-24 (W.D. Pa. 1997) (claim that enactment of Pennsylvania statute violated separation of powers under Pennsylvania Constitution not cognizable in federal habeas corpus petition).

4

statute, concluding that § 9543(c) is constitutional and noting that in enacting it, "the legislature has simply attempted to clarify the circumstances under which a petitioner possesses the right to a new trial where extradition has occurred."[15]  Einhorn also challenges the statute because it was enacted specifically to aid in his extradition.  However, "[i]t is a familiar principle of constitutional law that this Court will not strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive."[16]

### B. Prosecutorial Misconduct (Claim 6)

Einhorn argues that the prosecutor's use of prior "alleged" bad acts constituted misconduct.  This claim is procedurally defaulted because Einhorn failed to raise it in the state courts.[17]  It is also meritless.  Before trial, the prosecution filed a motion in limine to introduce evidence of Einhorn's violence against former girlfriends.  The court granted the motion, and the Superior Court affirmed that decision.  Thus, the introduction of this evidence by the prosecution does not constitute misconduct, let alone misconduct that "so infected the trial with unfairness as to make the resulting conviction a denial of due process."[18]

### C. Jury Instructions (Claim 7)

In instructing the jury, the trial court stated, in relevant part, "[y]ou may find the defendant guilty if you are satisfied beyond a reasonable doubt that he committed the crime charged even though you're not satisfied that it occurred precisely on the specific date mentioned

---

[15] *Commonwealth v. Einhorn*, No. 92 EDA 2012, 2014 WL 10982118, at *8 (Pa. Super. Ct. Feb. 21, 2014).

[16] *United States v. O'Brien*, 391 U.S. 367, 383 (1968).

[17] Einhorn has not shown cause or prejudice to excuse the default.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (claims that are not exhausted will become procedurally defaulted, foreclosing federal habeas review on the merits unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

[18] *Darden v. Wainwright*, 477 U.S. 168, 180 (1986) (internal quotation marks and citation omitted).

5

in the bill of indictment."[19] This instruction was not improper for the various reasons noted in the R&R and by the state courts: the date was not an essential element in the charges, Einhorn was not surprised or misled, and, given the unique circumstances of the crime in this case (the body was hidden in his closet for eighteen months) Einhorn did not meet his burden to demonstrate that the jury instruction regarding the precise date of the murder was unconstitutional.[20]

### D. Ineffective Assistance of Counsel (Claims 8-17)

After thoroughly exploring Einhorn's ineffective assistance of counsel claims, the R&R correctly concluded that each claim was procedurally defaulted and/or meritless. An ineffective assistance of counsel claim requires showing that, but for counsel's deficient performance, the outcome of the trial would have been different.[21]

Einhorn maintained that his trial counsel was ineffective based on his failure to move for "pretrial dismissal," object to certain testimony, object to the introduction of certain evidence, call a witness, and move for a mistrial. Einhorn also asserted that his appellate counsel was ineffective for failing to develop arguments related to the disclosure of Einhorn's diaries, the seizure of materials from Einhorn's apartment, the disclosure of items with potential to be copyrighted, the "shopping" of forensic evidence, the withholding of evidence at his first trial, and the Commonwealth's improper petitioning of the legislature to enact § 9543(c).

---

[19] Trial Tr., Vol. 14 (10/16/02) at 184.

[20] *See United States v. Somers*, 496 F.2d 723, 746 (3d Cir. 1974) (determination of whether defendant was prejudiced by time variance focuses on whether: (1) there is a danger that, as a result of the variance, the defendant may be prosecuted a second time for the same offense; and (2) the defendant was so surprised by the variance such that he was unable to prepare a defense); R&R at 20-24 (conducting *de novo* review of Einhorn's claim and concluding that Einhorn did not rebut factual findings of Superior Court with "any clear and convincing evidence of how he was prejudiced").

[21] *Lewis v. Horn*, 581 F.3d 92, 106-07 (3d Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)); *see also Real v. Shannon*, 600 F.3d 302, 309 (3d Cir. 2010) (counsel cannot be ineffective for failing to raise meritless claims).

6

The R&R comprehensively set forth how Einhorn failed to show that counsel was deficient.[22] Additionally, the utter lack of prejudice resulting from any alleged error dooms his claims.[23] The PCRA court succinctly described the overwhelming evidence of guilt in this case as follows:

> The simple fact that a very noticeably foul smelling decomposing body was found locked in a trunk which was locked in a closet in an apartment where the keys to the [trunk] and closet were also found, over all of which the defendant exercised absolute control, would have been plenty enough to convict. Add to that the other direct evidence, including but not limited to the sounds of a beating in that apartment the last time the deceased was seen alive, the defendant's flight from justice, his affirmative assertions that the victim was alive while that decomposition was occurring, and his unsuccessful attempts to obtain assistance in dumping the trunk into the Schuylkill River[.][24]

Accordingly, Einhorn's ineffective assistance claims lack merit.[25]

**IV.    CONCLUSION**

In conclusion, the R&R will be approved and adopted. The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, therefore a certificate of appealability should not issue. There is no basis for concluding that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[26] An appropriate order follows.

---

[22] *See* R&R at 24-53.

[23] *Id.*

[24] PCRA Opinion at 13-14, *Commonwealth v. Einhorn*, No. CP-51-CR-0412961-1979 (Pa. Ct. Com. Pl. Phila. Cty. May 4, 2012).

[25] Einhorn's eighteenth and final argument is that his claims, when considered together, constitute cumulative error that warrants habeas relief. *See Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014). Because each of Einhorn's claims lacks merit individually, and the evidence of guilt was overwhelming, the errors do not cumulatively entitle Einhorn to habeas relief. *See Johnson v. Folino*, 735 F. Supp. 2d 225, 247 (E.D. Pa. 2010) ("[T]he overwhelming evidence of guilt presented by the Commonwealth forecloses Petitioner's argument in favor of cumulative error.").

[26] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

7